THE GYPSUM PLASTER & STUCCO COMPANY AND HERBERT R. GILL v. ALLEN C. ADSIT, CIRCUIT JUDGE OF KENT COUNTY.

*Mandamus—Appointment of receiver.*

1. To warrant interference by *mandamus* with the decision of a circuit judge confirming the appointment of a receiver upon a motion to vacate the same, it is necessary for the moving party to show some overwhelming objection in point of propriety or some fatal objection upon principle to the person named.

2. A large judgment creditor, who was also a stockholder, was appointed receiver of a corporation, with knowledge on the part of the circuit judge of these facts. The president of the corporation and another large judgment creditor filed a petition for the appointment. Upon a motion to vacate the appointment, made after the receiver had been acting under it for three months, the court reconsidered all matters pertaining thereto, and confirmed the appointment as made, and in his return to an order to show cause why the order of appointment and confirmation should not be vacated the circuit judge referred approvingly to the conduct of the receiver. And it is held that the court below seems to have given the matter full consideration; that there has been no abuse of discretion in respect to the appointment, and a *mandamus* is denied.

32.

*Mandamus.* Argued April 16, 1895. Denied May 28, 1895.

Relators applied for *mandamus* to compel respondent to vacate an order appointing a receiver for the relator company. The facts are stated in the opinion.

*Fletcher & Wanty,* for relators.

*Taggart, Knappen & Denison,* for respondent.

McGRATH, C. J. The facts and circumstances of this case justified the appointment of a receiver. It appears that the person appointed as receiver was, at the time, a large judgment creditor, and also a large stockholder. These facts were known to the court at the time of the appointment. The president of the company and another person who held a large judgment against the company filed a petition for the appointment. The property is largely incumbered, and the object of the receiver seems to be to protect from sacrifice upon foreclosure proceedings already instituted. The court upon the motion to vacate the appointment has reconsidered all matters pertaining to such appointment, and confirmed the appointment made. To warrant us in interfering with the decision of the circuit judge, it is necessary to show some overwhelming objection in point of propriety or some fatal objection upon principle to the person named. High, Rec. § 65. The books contain a number of decisions where, by reason of the experience with the receiver subsequent to his appointment, the courts have confirmed the appointment, and have at the same time intimated that upon principle the original appointment was questionable. The receiver had been acting for three months when the motion to vacate was made, and in the return his course of conduct is referred to approvingly. The court below seems to have given the matter full con-

sideration, and we are satisfied that there has been no abuse of discretion in respect to the appointment.

The writ must therefore be denied.

The other Justices concurred.