Robinson *v.* Dickey.

Filed January 8, 1896.

No. 17,535.

## ROBINSON *v.* DICKEY.

APPELLATE PROCEDURE.—*Sufficiency of Evidence.*—*Bill of Exceptions.*—A question on appeal depending on the evidence cannot be considered where the evidence is not in the record, or, if in the record, the bill of exceptions does not contain all the evidence.

BILL OF EXCEPTIONS.—*Filing.*—*Record.*—A bill of exceptions is not properly in the record where the record does not disclose that it was filed in the office of the clerk after it was signed by the trial judge.

RECEIVER.—*Setting Aside.*—*Restoring Goods.*—*Hearing Second Petition For.*—*Practice.*—The court may hear a second application for

Robinson *v.* Dickey.

the appointment of a receiver before setting aside the first appoint-
ment and restoring the goods held by the receiver, where the first
appointment is set aside and the goods restored previous to the
making of the second order appointing the same person receiver
again.

SAME.—*Void Order.—Same Person Appointed Second Time.*—One
who has been appointed receiver under a void order, may be again
appointed under a subsequent order, even without vacating or set-
ting aside the order claimed to be void.

From the White Circuit Court.

*A. W. Reynolds* and *A. K. Sills,* for appellant.

*Elliott & Elliott,* for appellee.

MONKS, J.—This is an appeal from an interlocutory
order appointing a receiver of certain personal property,
made in vacation, on application of appellee, by the
judge of the White Circuit Court.

It appears from the record that appellee, on the
2d of February, 1895, filed in the office of the clerk of
the White Circuit Court his verified complaint in one
paragraph against appellant, for the partition of certain
personal property and the appointment of a receiver.
On the same day, before summons was issued, the judge
of said court, in vacation, without notice to appellant
of such application for a receiver, and without any
appearance by him, appointed a receiver to take pos-
session of the personal property in controversy. On the
4th of February a summons was issued by the clerk and
delivered to the sheriff, and was duly served on appel-
lant the same day.

Afterwards, on February 8th, the appellant filed his
verified motion before said judge at chambers to set
aside the appointment of said receiver for the reason
that no action was pending against appellant when said
receiver was appointed. On the same day appellee filed
a second application for the appointment of a receiver

in said cause. The judge, after hearing the motion to set aside the order appointing said receiver and the evidence in support of the same, and the second application for the appointment of a receiver and the evidence given in support thereof, sustained said motion of appellant and set aside the order appointing a receiver, and ordered that the personal property be restored to appellant, and also sustained appellee's application for the appointment of a receiver, and again appointed the same person receiver to take and hold possession of said personal property.

After the appointment of the receiver, appellee filed a second and third paragraph of complaint, and the cause was tried and judgment rendered on said second paragraph of complaint in favor of appellee, and an order entered that said receiver sell said personal property and divide the proceeds, etc.

From that judgment appellant appealed to this court, and the judgment in said cause was affirmed. *Robinson* v. *Dickey*, 143 Ind. 204. No objection is pointed out to appellee's last application for the appointment of a receiver or to the complaint in one paragraph on file when the last order appointing a receiver was made.

But appellant urges that the order appointing a receiver was not sustained by the evidence.

Appellee, however, contends that this question cannot be considered, for the reason that all the evidence is not in the record. There is what purports to be a bill of exceptions in the record, signed by the judge, February 12, 1895, but there is nothing in the record showing that it was filed in the office of the clerk after it was so signed.

Neither is it shown that the bill contains all the evidence given in the cause. For this reason the sufficiency of the evidence to sustain the order of the court

cannot be determined. *Robinson* v. *Dickey, supra;* *Beatty* v. *O'Connor*, 106 Ind. 81; Elliott App. Proced., section 823.

It is insisted by appellant that the judge should have ordered the goods which had been taken by the receiver under the first appointment restored to appellant before hearing another application, and that the receiver was disqualified and should not have again been appointed, because he was liable on his bond for taking the goods under his first appointment.

We do not think the judge committed any reversible error in hearing the second application for a receiver before the goods were restored to appellant. The judge set aside the order appointing the receiver and ordered the goods restored to appellant before the second order was made appointing the receiver. There was nothing in this action of the judge of which appellant had any right to complain.

If the first appointment was void, as claimed by appellant, it could without prejudicial error have been disregarded, and a second order made appointing a receiver without even vacating or setting aside the order claimed to be void.

Neither did the first appointment of the receiver disqualify him under the statute from being a second time appointed.

Section 1223, R. S. 1881 (section 1237, R. S. 1894), provides that "No party or attorney or other person interested in an action shall be appointed receiver therein." There is nothing in this section which disqualifies him from the second appointment. The selection of a receiver is largely in the discretion of the trial court, and this court will not interfere, unless there has been a clear abuse of that discretion. Beach Receivers,

section 25. There has been no such abuse of discretion in this case.

The other questions urged in this case were fully considered and decided adversely to the contention of appellant in the case of *Robinson* v. *Dickey, supra*, which was an appeal from the final judgment in the case, in which the interlocutory order was made, from which this appeal was taken. There is no error in the record.

The interlocutory order appointing a receiver is therefore affirmed.

Filed January 8, 1896.