Reneau v. Lawless.

---

## GEORGE W. RENEAU v. JOHN E. LAWLESS.

No. 15,444.    (100 Pac. 479.)

### SYLLABUS BY THE COURT.

RECEIVERS—*Eligibility—Acquiescence in Appointment—Waiver.* In a suit to dissolve a partnership and to close up the partnership business an accounting was had, after which the court, without objection, appointed the defendant partner as receiver to dispose of the partnership assets. After the receiver had acted for more than a year without objection, and the estate was mainly settled, the plaintiff raised the question that the defendant was an interested party and therefore disqualified to act as receiver. *Held,* that the long acquiescence of the plaintiff in the appointment is tantamount to consent, and that he could not afterward question the legality of the appointment.

Error from Rawlins district court; ABEL C. T. GEIGER, judge. Opinion filed March 6, 1909. Affirmed.

*Gomer Thomas,* for plaintiff in error.

*J. L. Finley,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was a suit for the dissolution of a partnership, an accounting of the partnership business, and, incidentally, the appointment of a receiver to sell the partnership assets. The suit was brought by George W. Reneau against his partner, John E. Lawless, in which Reneau charged Lawless with mismanagement of the business and misappropriation of money derived from the sale of the partnership property. Upon the issues joined a referee was appointed, who took testimony, examined the accounts and condition of the partnership business, and reported to the court that the allegations of the plaintiff's petition were unfounded, and, instead of the defendant having withdrawn too much money from the business, that the plaintiff himself was indebted to the firm. No attack was made upon this report, and on the findings of the referee the court, at its May term, 1905, appointed Lawless receiver to sell and dispose of the partnership property and pay the partnership indebtedness. So far as the record discloses no objection was made to the appointment.

At the following November term the matter was again before the court, when an order was made directing the receiver to accept the highest and best bid for the real estate of the firm, but to allow the plaintiff, Reneau, ten days in which to obtain a better offer, and the receiver was further directed to take the necessary steps to close up the estate and make a final report at the next succeeding term of court. On March 20, 1906, during the next term, the receiver made a report of the sales of the property, of collections made and debts paid, stating that there was still some property which had not been sold. Reneau first filed a motion to require the receiver to make a fuller report, showing why certain accounts had not been collected and stating more specifically what had been done toward the sale

of the real estate. The motion was denied. Then followed another motion asking that the receiver be discharged, on the ground that he was an interested party and therefore not qualified to act as receiver, and for the additional reason that he had not faithfully performed his duties, but the motion was not allowed, and upon this ruling error is alleged. No objection was made to the findings of the referee, there was no motion for a new trial presented, and no objection was raised to the judgment entered against the plaintiff. He insists, however, that there should be a reversal because Lawless was an interested party and was therefore disqualified to serve in the capacity of receiver.

Ordinarily the court will not appoint as receiver a party to the controversy or one interested in the litigation, and the code expressly provides that "no party or attorney or person interested in an action shall be appointed receiver therein." (Civ. Code, § 255.) This provision requiring that a receiver shall be a disinterested agent of the court and parties only declares a general rule of law which existed when the statute was enacted. If when the appointment was made there had been an objection on account of interest it should and probably would have been sustained. It does not appear, however, that any objection was then made, nor does it appear that any question of the qualification or fitness of Lawless was raised until he had served in that capacity for more than a year after the appointment was made. At that time a large part of the partnership assets had been sold and the proceeds applied in satisfaction of the firm's indebtedness. For all that appears Lawless may have been appointed on the request of plaintiff, and, at any rate, the failure of plaintiff to object and his acquiescence in the appointment for so long a time and until the estate had been mainly settled is tantamount to a consent. Matters pertaining to the receivership were under consideration at two terms of court and the rights of the parties to a great

extent adjusted before it occurred to plaintiff to question the legality of the appointment. If the plaintiff intended to challenge the validity of the appointment he should have promptly brought his objection to the attention of the court; but having sat silently by and acquiesced in the action of the court until the purpose of the receivership was well nigh accomplished he is estopped to make an objection. A much shorter delay in making an objection to such an appointment has been deemed sufficient to estop a party from demanding a discharge. (*Plaster & Stucco Co. v. Circuit Judge,* 105 Mich. 497, 63 N. W. 518; *Allen v. The Dallas & Wichita Railroad Co.,* 3 Woods [U. S. C. C.], 316, 1 Fed. Cas. 465.)

The plaintiff asked for the appointment of a receiver, and the court, with the parties before it, acquired jurisdiction to make the appointment. The naming of a person having an interest in the litigation is an irregularity which might have been corrected if seasonable action had been taken, but such an appointment is not void, and the court will not listen to an objection to eligibility which comes as late as the one in question. (*Dickerson v. Cass County Bank,* 95 Iowa, 392, 64 N. W. 395; *S. A. & A. P. Ry. Co. v. Adams,* 11 Tex. Civ. App. 198, 32 S. W. 733. See, also, *Clark v. Brown,* 119 Fed. 130, 57 C. C. A. 76; *Post v. Dorr,* 4 Edw. Ch. [N. Y.] 412; *Wetter v. Schlieper,* 7 Abb. Pr. [N. Y.] 92; *Robinson v. Dickey,* 143 Ind. 214, 42 N. E. 638; *Rumsey v. Peoples Ry. Co.,* 154 Mo. 215, 55 S. W. 615; *Brown v. Lake Superior Iron Co.,* 134 U. S. 530, 10 Sup. Ct. 604, 33 L. Ed. 1021; *Fisher v. Southern Loan & Trust Co.,* 138 N. C. 224, 50 S. E. 659; *Cook v. Martin,* 75 Ark. 40, 87 S. W. 625, 1024.)

The fact that Lawless ultimately acquired the real estate sold by the receiver is called to the attention of the court. The sale was made in open court, under the direct supervision of the court. It was purchased by persons other than the receiver at a price in advance of.

that offered by the plaintiff. The mere fact that the purchaser subsequently sold the property to Lawless is not of itself sufficient to impeach the sale or require a reversal.

The orders and judgment of the court are affirmed.