No. 22,623.

JOHN O'LAUGHLIN, *Appellee,* v. J. A. PROCKISH and SADIE PROCKISH, *Appellants.*

SYLLABUS BY THE COURT.

1. RECEIVER—*Jurisdiction of Judge to Appoint Receiver at Chambers— Land in Another County.* When the order appointing a receiver was applied for the petition had been filed, and the order of appointment and summons were served on the defendants two days later. Eleven days thereafter a motion to vacate the order was taken up in open court and continued two days and then denied. *Held,* that the judge at chambers, although in a county other than the one where the land was situated, had jurisdiction to make the order of appointment.

2. SAME—*Notice of Application for Appointment of Receiver.* While notice and opportunity to be heard should have been given the defendants before making the appointment, the order therefor was not void for lack thereof, and the record shows nothing brought forward

O'Laughlin v. Prockish.

on the hearing of the motion to vacate to require setting such order aside.

3. SAME—*Sufficient Bond Given by Receiver.* The kind of bond which section 272a of the civil code provides may be required was not given, but one more advantageous to the defendants was executed, and the failure to give the former was not sufficient ground for holding the appointment void or for seting it aside.

4. SAME—*Interested Party Should Not be Appointed Receiver.* The person appointed as receiver was an employee of the plaintiff but does not appear to have been personally interested in the action. *Held,* that while hardly a proper person to select, his employment by the plaintiff did not avoid the appointment or require his discharge.

Appeal from Ellis district court; ISAAC T. PURCELL, judge. Opinion filed April 10, 1920. Affirmed.

*A. D. Gilkeson,* of Hays, *Lee Monroe, Guy L. Hursh, E. R. Sloan,* and *C. M. Monroe,* all of Topeka, for the appellants.

*E. A. Rea,* and *J. P. Shutts,* both of Hays, for the appellee.

The opinion of the court was delivered by

· WEST, J.: The plaintiff applied to the judge of the district court for the appointment of a receiver, alleging that the defendants were occupying the improvements on his farm and claiming the right to harvest the crop of wheat growing thereon, and were unlawfully keeping him out of possession to which he was immediately entitled; that the defendants were without means; and that the plaintiff would be without any adequate remedy at law if they were permitted to harvest the crop, which would be matured in about three weeks. The petition was filed on June 7, 1919, and on the same day the court appointed William Obley receiver of the crops and of the vacant untilled ground on the farm, authorizing and directing him to take charge of the property, to harvest the crop and care for it and have it thrashed, to market it subject to the further direction of the court, and to put in such crops on the unoccupied land as might be suitable. The receiver gave bond to the state of Kansas for the use and benefit of the defendants in the sum of $5,000, reciting that if he should well and faithfully perform his services and well and truly account to the court for the moneys had by him in virtue of the appointment, it should be void, otherwise of force.

The defendants moved to vacate the order of appointment, alleging that it was made without jurisdiction and without notice; that Obley was not a proper party because interested in the outcome of the action; that no proper bond had been filed, and that the order adjudicated the issues involved without the intervention of a jury. On the hearing of the motion Obley testified that he farmed other land of the plaintiff and did some other work for him on a salary, such as taking care of cattle and feeding them; that on being appointed receiver he cut the wheat and thrashed it, paid the grocery bill for the food for the men and their wages, and that he put the proceeds in the bank in the name of one of his bondsmen, and had cut all the wheat worth cutting, putting 420 bushels in the granary for the landlord, and selling the remaining 480 on the market. The motion for his discharge was denied, and the defendants appeal from this and from the order of appointment.

The plaintiff has filed no brief. The defendants' counsel contend that the judge exceeded his power in appointing a receiver; that he had no jurisdiction of the subject matter or the parties, and had no authority to make the appointment in an *ex parte* proceeding at his chambers outside the county; that the province of a jury was usurped, and that the order was issued without notice and without a hearing.

In *Feess v. Bank,* 84 Kan. 828, 115 Pac. 563, it was said that it is only in cases of the greatest emergency that courts are warranted in tying up business or property or in taking property from the owners without notice to the opposing parties, but it was also said:

"In this instance the appointment that was made would not have been justified even if notice had been given." (p. 834.)

It must be remembered that no complete business or going concern was taken over by the receiver in this case, but the appointment involved only the maturing wheat crop and some fallow ground, leaving the defendants in full possession of everything else.

It is argued that the action had not been commenced and summons was not served until two days after the receiver was appointed, and that the application had not been filed when the appointment was made; also, that the judge had

no power at his chambers outside of the county to make the order; that a receivership is only an ancillary matter at most, and that in an ejectment case like this the defendant's right to a trial by jury cannot be taken away by an order of this sort. It is said that the receiver was appointed to take possession of the farm, or in other words, to take from the defendants the possession of the premises, which was virtually an ejectment. Still further, that the bond was insufficient under section 7171 of the General Statutes of 1915; and finally, that Obley was not such a disinterested person as required by section 267 of the civil code.

Section 107 of the civil code provides, among other things, that the judge at his chambers may hear and determine all demurrers and motions and other questions arising on the pleadings, after reasonable notice, which shall not be less than three days. (Gen. Stat. 1915, § 6999.) We think counsel are correct, that this gave the judge no authority to appoint a receiver. We are equally sure, however, that he did not need to look to this section for authority. Section 266 of the civil code provides for the appointment of a receiver in five different cases, and—

"In all other cases where receivers have heretofore been appointed by the usages of the courts of equity." (Gen. Stat. 1915, § 7164.)

What the application amounted to was, that pending the plaintiff's action for ejectment from the land a receiver be put in charge of the growing wheat crop so that the plaintiff would not lose his landlord's share, and to put to use the untilled portions of the land so that it would not go to waste. No attempt was made to interfere with the defendant's possession of the premises further than this, or to anticipate the result of the ejectment action.

The petition had been filed when the application for the appointment was made. The bond was given and the summons issued on the same day, and on the 9th the order and the summons were served on the defendants, who thereafter appeared generally and moved to set aside the order of appointment. This gave the court which acted thereon in term time full jurisdiction.

While a notice and opportunity to be heard should have been granted the defendants, the order of appointment was

not void for lack thereof, which lack could have been and was availed of on motion to discharge, which motion seems to have been unsupported by substantial evidence.

Section 272*a* of the civil code requires that upon appointing a receiver the applicant may be required to give an undertaking with sufficient sureties in an amount to be fixed by the court or judge for the payment to the defendant of all damages he may sustain by reason of the appointment should the order be made wrongfully or without sufficient cause. (Gen. Stat. 1915, § 7171.) This precise kind of a bond was not required, but one much more favorable to the defendants was required and given, and the failure to exercise the power given by this section of the code was not sufficient ground for holding the appointment void or for setting it aside.

Section 267 of the civil code provides that no person interested in an action shall be appointed as receiver therein. (Gen. Stat. 1915, § 7165.) This section was thus referred to in *Reneau v. Lawless,* 79 Kan. 553, 100 Pac. 479, at page 555—

"This provision requiring that a receiver shall be a disinterested agent of the court and parties only declares a general rule of law which existed when the statute was enacted. If when the appointment was made there had been an objection on account of interest it should and probably would have been sustained."

There one of the parties to the action was appointed receiver. Here the receiver was an employee of the plaintiff, but does not appear to have been interested in the action.

"The general rule, undoubtedly, is that a receiver ought to be an indifferent person between the parties. He is an officer of the court, whose business it is to administer his trust impartially for the benefit of all concerned, and hence should have no special interest which might influence him in his conduct of the trust in matters where his interest and the interest of any party to the action may clash. . . . The owner of the property in which another has an interest for services in caring for it is not ineligible to appointment as receiver of such interest. Nor is there any legal obstacle or necessary impropriety in appointing a stockholder, a director, or even the president of a corporation, to the office of receiver, though in particular cases such an appointment would be obviously improvident." (23 R. C. L. 41, § 41.)

High on Receivers, 4th ed., says that in a case in which the person appointed was the brother of one of the parties to the action and the son of one claiming to be a large creditor, and

was admitted by the plaintiff to have taken a large part in the controversy, he was regarded as too much interested in the case to permit him to be as unbiased and impartial as a receiver should be, and he was therefore removed.

"But it is not regarded as an abuse of judicial discretion to appoint as receivers the attorneys of the respective parties to the cause, and the action of the court in making such appointment will not be interfered with upon appeal." (§ 67.)

Under the general rule of noninterest and impartiality, Mr. Obley was hardly a proper person to select as receiver in this case; but his interest, so far as it appears from the record, was not such as to render the appointment void, nor was the refusal to discharge so prejudicially erroneous as to warrant a reversal.

From the record in other cases we are advised that litigation between the parties has assumed various forms and phases, and, doubtless, time has wrought changes of conditions and relationship rendering quite unimportant some things that seemed of substantial importance a few months ago.

Finding nothing indicating that the defendants have been substantially injured by the orders complained of, such orders are affirmed.