HOLMES, an Infant, by ROBINSON, his next Friend, *v.*
ADKINS.

An infant plaintiff is not liable for costs but the *prochein ami* is, and judg-
ment should be rendered in such manner that it should be collectable,
by execution, from the *prochein ami.*

Where a suit is commenced by a *prochein ami*, and the infant afterwards
becomes of age, the fact should be entered upon the record at the hap-
pening of the event. and the cause afterwards be conducted by the plain-
tiff or his attorney without the use of the name of the next friend.

*Friday,
December 6.*

ERROR to the *Decatur* Circuit Court.

PERKINS, J.—*James S. Holmes*, by his next friend, *Squire
W. Robinson*, brought an action in the *Decatur* Circuit
Court against *Bradley Adkins.* Judgment was given in
that Court against the infant for costs. This is insisted
upon as error.

The authorities are not uniform upon this point.
*Reeve*, in his "Domestic Relations," says: "A guardian
and *prochein ami* are liable for costs of suit, in case the
infant fails in the action, and execution issues against
them; but, if their conduct were proper in bringing the
suit, they will be refunded their costs, out of the infant's
property," otherwise not. "There seems to be a diversi-
ty of opinion, whether the successful defendant may not
elect to take execution either against the infant or his
guardian. I take it that the better opinion is, that no
execution for cost, can issue against an infant." P. 265.
In a note to the above, in the edition of said work, of
1840, the editor adds: "It is said in *Bacon's* Abridgement,
Tit. *Infancy*, K, that the infant is not liable to costs, but
the *prochein ami* is ; and if he refuse to pay them on de-
mand, the Court will grant an attachment against him."
In *Smith* v. *Floyd*, 1 Pick. 275, the Court say, "the *English*
cases upon this subject are not very clear ;" and in *Massa-
chusets* and *Connecticut*, judgments are rendered against
infants for costs, and *prochein amis* are held only collate-
rally liable as sureties. Execution goes, in the first in-
stance, against the infant. See the authorities above cited.

In this state, it has already been decided that an infant

plaintiff is not liable to costs. *Bouche* v. *Ryan*, 3 Blackf. 472, and see 1 Swann's Pr. 56; and our statute provides that a *prochein ami* shall be. R. S., p. 679, s. 58. Neither the decision above cited, nor the statute, however, determine the manner in which the *prochein ami* shall be made liable; but it seems to us, that the least troublesome and expensive mode will be for the Court to render its judgment in such manner. that it shall be collectable in the first instance, by execution, from the *prochein ami*.

It is said that we should presume that the infant had arrived at majority before the entry of the judgment against him. We think not. The *prochien ami's* name is still continued in the proceedings. Had the infant become of age, the fact should have been entered upon the record at the happening of the event, and the cause afterwards been conducted by the plaintiff or his attorney, without the use of the name of the next friend.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Robinson*, for the plaintiff.

*A. Davison*, for the defendant.