WILEY H. SIMS, Ordinary, for the use of, &c., plaintiff in error, vs. NATHAN RENWICK and SAMUEL B. COBB, defendants in error.

[1.] A non-resident guardian may sue in the Courts of this State.

[2.] If a ward attain the age of 21, during the pendency of the suit, he may be substituted as party plaintiff in lieu of his guardian, and if he amend his declaration without leave of the Court, or an order of Court, it is no ground to dismiss the action, if he be prepared to make proof of his majority when objection is made. The Court ought to direct the order to be made, now for then.

Demurrer, from Troup county. Decided by Judge BULL, November Term, 1857.

Sims, Ordinary, vs. Renwick and Cobb.

An action was brought in the Court below, by the plaintiff in error, as the Ordinary for the county of Troup, for the use of Green Talbot, of Tallapoosa county, State of Alabama, non-resident guardian of Moses Barnes, a minor, upon a bond entered into by the defendants in error, as securities. In March, 1845, Reddick Barnes, as principal, and Nathan Renwick and Samuel B. Cobb, as securities, delivered to the Court of Ordinary a bond for $4,500, conditioned for the due performance of his duties as guardian, by the said Reddick Barnes, who had been appointed guardian of the orphans of William Barnes, deceased. It was averred in the declaration that Reddick Barnes had not duly performed his duties as guardian, for that he had taken into his possession large sums of money and other property, and had never accounted for the same with the said Court of Ordinary, or Green Talbot, the said guardian, nor paid over any of the said property, but appropriated the same to his own use, and that said Reddick Barnes was beyond the jurisdiction of the Court, and refused to pay over the amount. This action was therefore brought to recover from the securities the amount of the said bond.

The plaintiff, upon motion, obtained leave to amend the declaration, and amended the same accordingly, by striking out the words, " for the use of Green Talbot, of Tallapoosa county, State of Alabama, non-resident guardian of Moses Barnes, minor," &c., and inserting in lieu thereof, for the use of Moses Barnes, now of age.

The defendant demurred to the plaintiff's original declaration on the ground that a guardian appointed by the State of Alabama could not maintain the action.

The defendants also demurred to the plaintiff's amended declaration on the grounds,

1st. That the declaration being originally filed by a party

having no right to sue in the case, the declaration was not amendable at all.

2d. That no amendment could be made substituting the ward as usee in place of his non-resident guardian, although the said ward had become of age pending the action.

3d. That said amendment certainly could not be made without an order of Court granting leave in express terms, to make the same.

Upon hearing the demurrer the Court sustained the same and dismissed the case, and to this decision of the Court, the plaintiffs excepted.

MORGAN and BLECKLEY appeared for the plaintiff in error.

FERRELL, contra.

By the Court.—McDONALD, J. delivering the opinion.

[1.] The action was instituted by the plaintiff in error in the Court below, as Ordinary of Troup county, for the use of the non-resident guardian of Moses Barnes, a minor. The guardian held his appointment of guardian under the authorities of Alabama. The declaration was demurred to on the ground that he had no right to sue in this State. The suit was in the name of a plaintiff having the legal title, a resident of Georgia, and deriving his appointment from the laws of Georgia. The cestui que use was a citizen resident of Alabama. But treating it as a suit by the non-resident guardian, it is sustainable under the act of 1837. Cobb, 329. Being sustainable the declaration was amendable.

[2.] The ward having attained majority pending the suit, the declaration was amended by striking out the name of the non-resident guardian, and substituting therefor the name of the ward, now of full age. All that was necessary, however was to strike out the part of the declaration in which the name of the non-resident guardian appeared, and the profert

of his letters of guardianship was made, and the declaration would then have stood complete and perfect for the use of Barnes, the ward, In modern practice in England, where their statutes of amendment are not so liberal as ours, the Courts have allowed the names of plaintiffs, as well as of defendants, to be struck out in actions sounding in contract. 1 *Chitty's Pleadings* 15, *note x.*

It was objected that the amendment ought not to have been allowed without an order of Court. Regularly every step taken, in a cause, all amendments, made in term time, ought to be evidenced by an entry on the minutes of the Court. But a cause ought not to be dismissed when such order may be made, now for then. It is not so important when the whole amendment is made by striking out. Under our law, a party may amend as a matter of right, whenever the pleadings are amendable, and for the Court to refuse it, is error. In this case the party who had been the ward, ought to have proven that he had attained majority, and on doing that the case ought to have been sustained, and the Court below ought to have given that direction to the cause.

Judgment reversed.