ELIZA JANE FORREST v. JOHN A. JOHNSON.

*Pleading—Recoupment.*

No damages can be recouped except such as spring out of the contract upon which suit is brought; citing *Molby v. Johnson,* 17 Mich. 382.

Error to Manistee. (Judkins, J.) Submitted on briefs April 12, 1894. Decided May 18, 1894.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Smurthwaite & Fowler,* for appellant.

*Dovel & Smith,* for plaintiff.

Long, J.. Plaintiff, doing business under the name of Forrest Bros., commenced suit against the defendant, filing a declaration on the common counts in *assumpsit.* She filed a bill of particulars, showing dealings between the parties extending over a period from July 17, 1891, to some time in January, 1892, amounting to several hundred dollars. The defendant pleaded the general issue, and gave notice of set-off and recoupment. Before the cause came on for trial the parties met together, and settled all their matters of difference except one item of $300. The controversy over this item grows out of the following letter and answer thereto:

"Flint, Mich., 11—5th—'91.

"J. A. Johnson,
    "Manistee, Mich.

"*Dear Sir:* Send in your bill for all claims to date, and we will have bank allow on your draft to-day. Give us credit for the $25 allowed you. As to the old hay, we will allow you $300, to remain until 1st of February, 1892. This would be better for us and for you, as we will have to send a man to Manistee to peddle it out. Wish we had not shipped it. We get $11.50 for that same hay on F. & P. M., and in Ludington. Wire on receipt of this, at our expense, if you accept our proposition. Do not delay this. You should fill up your warehouse with hay. We have made a mistake in selling so far ahead. We find that all the hay that can reach Manistee at a reasonable rate of freight will be cleared up this month.

"Yours truly,
            "Forrest Bros."

In answer to this the defendant sent the following telegram:

"November 7, 1891.

"I accept your offer on all old hay here.
                "J. A. Johnson."

Defendant insisted upon the trial that the foregoing proposition and acceptance should be construed as a deduction of the $300 out of the whole account for old hay, while the plaintiff contended that the true interpretation of the agreement was that the defendant was to have until February 1, 1892, to pay the $300, and that all the proposition amounted to was an extension of time until that time to pay it. The defendant also contended that, notwithstanding the agreement and settlement of the other items of the account, he had a right to recoup damages growing out of those other items against the $300, even if plaintiff's contention were right. It appeared that the damages which defendant sought to recoup did not grow out of the same contract under which the claim for the $300 was made by the plaintiff. The court directed that the true interpretation of the proposition and acceptance above set forth was as claimed by the plaintiff, and also that the defendant could not recoup damages growing out of other contracts and set off such damages against the $300.

The court was clearly correct in the instruction that the proposition and acceptance amounted to no more than an extension of time to February 1 to pay the $300, and also right in saying to the jury that the damages growing out of the other contracts could not be recouped against that item. No damages can be recouped except such as spring out of the contract upon which suit is brought. *Molby v. Johnson*, 17 Mich. 382.

The judgment is affirmed.

The other Justices concurred.