SECORD · *v.* CHICAGO & MICHIGAN LAKE SHORE RAILROAD CO.

1. MASTER AND SERVANT—INJURY TO BRAKEMAN—ASSUMPTION OF RISK.

  A brakeman will be held to have assumed the risk of injury from an imperfect kind of drawbar in use on the road on which he is employed, where he has daily used such drawbars, and is therefore familiar with the dangers attending their use.

2. SAME—CONTRIBUTORY NEGLIGENCE.

> A brakeman cannot recover for injuries sustained by reason of a defective drawbar while attempting to make a coupling, where he discovered the danger when the cars were several rods apart, and might, by stopping the train and adjusting the bar, or by adjusting it in another way than that attempted, have avoided the injury.

Error to Van Buren; Hawes, J. Submitted November 6, 1895. Decided December 24, 1895.

Case by Norman A. Secord against the Chicago & Michigan Lake Shore Railroad Company for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

*Smith, Nims, Hoyt & Erwin,* for appellant.

*Henry M. Dubois,* for appellee.

HOOKER, J.  In July, 1875, the plaintiff recovered a judgment for $5,000, for the loss of his thumb and finger in coupling defendant's cars. The undisputed evidence shows that the train was made up at Chicago, and included a box car belonging to defendant. This car, when built, was provided with what is called the "Potter drawbar," with three sockets to receive coupling links from cars of different heights. This bar had been removed from one end of the car, and a single drawbar, which was thinner, had been substituted. A saddle, provided for the Potter drawbar, was not removed, and the effect of this was to let the end of the single drawbar drop below a horizontal position, making it necessary to raise it when the coupling was to be made with another car. When the train reached Black River station, the plaintiff uncoupled three flat cars from the train, to be left upon the siding, and, when he undertook to make the coupling between the two sections of the train, he provided himself with a block to put under the drawbar upon the saddle, to raise the bar to the proper height to enable him to make

the coupling. He raised the bar by taking hold of the link and lifting upon it with his right hand, while he attempted to adjust the block with the left hand. At that time the car was about three car lengths from the car to which he intended to couple, and he approached it walking, and at the same time fixing the block. He kept his right hand upon the link until the cars came together, and it was caught between the drawheads of the two cars.

His own testimony shows that he was in the daily habit of thus adjusting such drawbars, which were in common use upon this road, where he had been at work for some months. It was usual for the men to use sticks and stones for this purpose, although crooked links were provided for use where couplings were to be made between drawheads of different heights. It is assumed that a car with a drawbar which may be thus raised and lowered in the saddle is a defective car, or at least is not a safe car. If this be conceded, it was as apparent to the plaintiff as to the defendant, and the plaintiff's own testimony shows that he was engaged in the daily operation of such cars, and it is manifest that he was familiar with any danger attendant upon their use. He must, therefore, be held to have assumed the risk incident to such employment. See *Grand* v. *Railroad Co.*, 83 Mich. 570, and cases cited in *Ragon* v. *Railway Co.*, 97 Mich. 270.

It may be added that, upon the occasion of the accident, the plaintiff discovered the condition of the drawbar when three car lengths distant from the place of coupling. He testified that he could have raised the drawbar without taking hold of the link, thus avoiding any danger of his hand being pinched, and that he would not keep hold of the link so long again in making such a coupling. Moreover, he did not stop the train and adjust the drawbar, as he might have done if he considered it defective, but chose to walk in front of the car, trying to raise and block up the bar as he went.

Under the circumstances of this case, we think the defendant was not liable for the injury, and a verdict should have been directed in its behalf.

The judgment is reversed, and no new trial ordered.

The other Justices concurred.