BAUER *v.* AMERICAN CAR & FOUNDRY CO.

1. MASTER AND SERVANT—PERSONAL INJURIES—ASSUMPTION OF RISK.

An employé was injured by the fall of an air hoist suspended from a horizontal track, kept in place by flanges on the wheel and the force of gravitation. By reason of the neglect of a fellow-workman properly to regulate the air pressure after using the hoist, the piston descended, and, striking something, lifted the hoist from the track, so that it fell upon plaintiff. *Held*, that, as the danger from the defective attachment—*i. e.*, that any force raising the hoist would tend to detach it, and permit it to fall—was apparent to any careful observation, it was assumed by plaintiff.

2. SAME—KNOWLEDGE OF DANGER.

By the terms of his employment, a servant agrees that dangers obviously incident to the discharge of his duty shall be at his

risk, and it is unimportant whether he is informed or knows of the particular danger to be apprehended.

3. SAME—KNOWLEDGE OF FOREMAN—WARNING OF DANGER.
The fact that defendant's assistant foreman knew that a hoist fell, through the negligence of an employé, some days before plaintiff's injury, did not charge defendant with knowledge thereof, so as to require a warning to servants of the danger.

Error to Wayne; Hosmer, J. Submitted November 19, 1902. (Docket No. 10.) Decided March 30, 1903.

Case by John Bauer against the American Car & Foundry Company for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

*Keena & Lightner* (*Wells, Angell, Boynton & McMillan*, of counsel), for appellant.

*Washington I. Robinson*, for appellee.

CARPENTER, J. In the court below, plaintiff recovered a verdict and judgment for injuries resulting from the fall of an air hoist while he was in defendant's employ. This air hoist was an appliance used for lifting and moving heavy iron beams. It weighed about 500 pounds. The power by which it was operated was compressed air. It was suspended from a horizontal track, about 12 feet above the floor. It consisted of a cylinder and a piston moving therein. The length of this cylinder was five or six feet. By regulating the pressure of compressed air in said cylinder by means of a lever, the workman operating the same raised or lowered said piston. Suspended from said piston was a hook, which, by being attached to chains on said beams, raised or lowered them at the will of the workman operating the hoist. It follows from the above description that said piston, when at the bottom of said cylinder, almost touched the floor. To enable the beams handled by the air hoist to be carried from one part of the shop to another, said hoist, by being suspended from the overhead track in the manner hereinafter described, could be moved along

and under said track. A single strap of iron connected the upper end of said hoist with a wheel. This wheel had a flange on each side, and ran along said overhead track. All that kept said hoist in place were the flanges on said wheel and the force of gravitation. Any force lifting the hoist up would tend to detach it from the overhead track. By attaching the hoist to the track in this manner, plaintiff contends that the defendant was negligent. Several of these air hoists, substantially alike, were in operation in defendant's shop, where plaintiff was employed.

The immediate circumstances connected with plaintiff's injury are these: A co-employé of plaintiff had used one of these air hoists to move an iron beam called a "channel." After he had said channel in the desired location, by regulating the air pressure with the lever at his hand he lowered the piston, and unfastened the channel. He neglected then either to move the hoist or, by using the lever, to change the pressure of the air, and, as a result, the descending piston struck the channel or some other object, and, because of its insecure fastening, the hoist was detached from the track above, and fell upon and seriously injured plaintiff, who was passing by.

Defendant insisted in the court below, and insists here, that the testimony of plaintiff shows that his injury resulted from a risk assumed by him, and that the negligence of a fellow-servant was the proximate cause of his injury. The view we take of the former contention makes it unnecessary to consider the second. Did plaintiff's injury result from an assumed risk? At the time of his injury plaintiff had worked for defendant five weeks. During this time he had been employed as a puncher; that is, with two assistants, he had been engaged in punching holes through beams which were moved by one of these air hoists. He had to use the hoist 15 or 16 times a day, and operated it himself. After he had worked there two weeks, he noticed that the wheel ran on a track, and that it only hung on one side of the track. He thought, however, that the air hoist was safe, and, if he

had known that it was not, he would not have been working around it at all.

It is urged as a material circumstance that the evidence shows that, a short time before plaintiff's injury, one of the air hoists fell in the shop where he was working. This fall also was caused by the piston striking a pile of beams. No injury seems to have resulted, and the testimony does not indicate that any serious damage was done to property. The fact that this air hoist fell was generally known among the employés in that room. The assistant foreman in charge of the room knew it, though the plaintiff did not.

Said this court, in *Lamotte* v. *Boyce*, 105 Mich., at page 548 (63 N. W. 518):

"The duty of the employer to provide reasonably safe machinery is qualified by his right to contract for the use of machinery which falls short of the best and most approved; and when the defect is obvious, and cannot escape ordinarily careful observation, which is always due from the employé, the risks attendant upon such use are assumed by the latter."

In line with this case are the following decisions: *Fisher* v. *Railway Co.*, 77 Mich. 546 (43 N. W. 926); *Ragon* v. *Railway Co.*, 97 Mich., at page 274 (56 N. W. 612, 37 Am. St. Rep. 336); *Manning* v. *Railway Co.*, 105 Mich., at page 266 (63 N. W. 312); *Secord* v. *Railroad Co.*, 107 Mich. 540 (65 N. W. 550); *Phelps* v. *Railway Co.*, 122 Mich. 171 (81 N. W. 101, 84 N. W. 66); *Pahlan* v. *Railway Co.*, 122 Mich., at page 236 (81 N. W. 103).

But it is said that the doctrine does not apply where, as in this case, the injured employé was not informed and did not know of the danger to which he was exposed from the alleged defective appliance. This is not the test. In *Ragon* v. *Railway Co.*, 97 Mich. 265 (56 N. W. 612, 37 Am. St. Rep. 336), the principle was applied to a case where the employé did not even know of the defect. The doctrine of assumed risk rests upon the theory of a contract. Says Judge Taft in *Narramore* v. *Railway Co.*, 96 Fed., at page 301, 37 C. C. A., at page 501:

" 'Assumption of risk' is a term of the contract of employment, express or implied from the circumstances of the employment, by which the servant agrees that dangers of injury obviously incident to the discharge of the servant's duty shall be at the servant's risk. In such cases the acquiescence of the servant in the conduct of the master does not defeat a right of action on the ground that the servant causes or contributes to cause the injury to himself, but the correct statement is that no right of action arises in favor of the servant at all, for, under the terms of the employment, the master violates no legal duty to the servant in failing to protect him from dangers the risk of which he agreed, expressly or impliedly, to assume."

We must hold, therefore, that plaintiff has agreed to assume all dangers obviously incident to the defective method of attaching the hoist to the overhead track from which it was suspended. The question, then, is, not what dangers plaintiff actually apprehended, but what dangers were obviously incident to this defective method of attachment. The obvious danger was this: That any force raising the hoist would tend to detach it, and permit it to fall. It is impossible to conceive that plaintiff did not know this. Whether he actually did know it or not is of no consequence, because, being an obvious danger, he assumed it, under the law already stated. About the only force likely to raise these hoists and detach them from the overhead track—as shown on the two occasions when a hoist fell—was that resulting from the piston striking some object on the floor through the negligence of the workmen operating them. The danger, then, which plaintiff did not know, was that his co-employés might be negligent. Surely, no one will contend that he did not assume this danger, whether he apprehended it or not. His employment bound him to assume it. *Quincy Mining Co.* v. *Kitts*, 42 Mich., at page 39 (3 N. W. 240); *Hewitt* v. *Railroad Co.*, 67 Mich., at page 66 (34 N. W. 659).

Nor can it be contended that the fact that a hoist fell, through the negligence of his co-employés, before plaintiff was injured, charged defendant with the duty of informing plaintiff of this occurrence. It is true that this occur-

rence was not known to the plaintiff, and that it was known to defendant's assistant foreman, in charge of the shop where he worked.  The knowledge of this official would not, however, be imputed to defendant (see *Findlay* v. *Foundry Co.*, 108 Mich. 286 [66 N. W. 50]), and there was nothing in the circumstance of the fall itself to give the defendant knowledge.

We are bound to hold, therefore, under the law as declared by this court, that plaintiff's injuries resulted from a risk assumed by him, and therefore the judgment of the court below must be reversed, and a new trial ordered.

The other Justices concurred.