CORBETT *v.* AMERICAN SCREEN DOOR CO.

133    669
137    ³284

1. INJURY TO EMPLOYÉ—NEGLIGENCE—DEFECTIVE APPLIANCES—EVIDENCE—FELLOW-SERVANTS.

Where, in an action by an employé in a factory for injuries caused by the fall of a rack used for the storage of lumber, due to the act of defendant's foreman in directing that certain heavy pieces of lumber be placed thereon, it appeared that, while the rack had theretofore been used for light lumber only, no rule on the subject had been promulgated, that it had been built but two months, and that it was only partially filled on the occasion in question, the jury were warranted in finding that the foreman was using the rack for a purpose for which it was intended, and hence that plaintiff's injury was not due to the negligence of a fellow-servant.

2. SAME.

The fact that the rack fell when only half full, and that the light material that was on it at the time constituted half the weight thereon, afforded evidence of the insufficiency of the rack under any theory.

3. SAME—ASSUMPTION OF RISK.

It appearing that plaintiff had no occasion to use or to examine the rack, and he having testified that he supposed it was safe, and had no idea that it would fall, it could not be said that he had assumed the risk.

4. SAME—CONTRIBUTORY NEGLIGENCE.

Nor could it be said, as a matter of law, that he was guilty of contributory negligence.

Error to Lenawee; Lockwood, J. Submitted May 13, 1903. (Docket No. 60.) Decided June 30, 1903.

Case by Ziba M. Corbett against the American Screen Door Company for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*John E. Bird* and *Grant Fellows*, for appellant.

*Herbert R. Clark* and *Henry C. Smith*, for appellee.

CARPENTER, J.   Plaintiff, while in defendant's employ, was injured by the fall of a rack suspended from the ceiling of the room in which he worked.   He brought suit, and recovered a judgment in the lower court.   The serious question presented for our determination is this:   Did the evidence warrant the jury in finding, as they did, that defendant was negligent in not building the rack sufficiently strong for the purpose for which it was intended?   The evidence warranted the jury in finding that the rack fell because, by the order of defendant's foreman, certain heavy pieces of lumber were placed on it, and it also warranted their finding that due diligence would have discovered that the rack was not sufficiently strong to carry the load placed on it.   It is the claim of the plaintiff that, in placing these pieces of lumber on the rack, defendant's foreman was using it for the purpose for which it was intended.   Defendant claims that in so using the rack the foreman was using it for a purpose for which it was not intended, and that plaintiff's injury was due, not to a failure to furnish safe appliances, but to a misuse by a fellow-servant of an appliance which was safe for the purpose for which it was intended.   The determination of this question requires no consideration of conflicting legal principles.   If the rack was not safe for the purpose for which it was intended, the principle of law which required diligence of the defendant to furnish safe appliances applies.   If the rack fell because it was used by the foreman for a purpose for which it was not intended, plaintiff's injury was due to the negligence of a fellow-servant, and he cannot recover.

Did the evidence justify the jury in finding that, in placing these pieces of lumber on the rack, defendant's foreman was using it for the purpose for which it was intended?   The rack had been in use only a short time—less than two months—before plaintiff received his injury. We are to determine the use for which the rack was intended, not by ascertaining what was in the mind of defendant's manager or servant who made the rack, but by

determining what use its employés to whom it was furnished had a right to make of it. No formal rules, either
written or verbal, prescribed that use. Prior to plaintiff's
injury, the rack had been used to hold "beading and
light stuff generally, and pieces that had been cut; and
during all the time up to the accident it was used just for
the piling of light stuff that had been sawed up and cut,
and not for the piling of the heavy lumber. * * * If they
got a little more than they needed of one kind, they put it
up there. * * * The boys in the shop used the rack
to put material in." Oak moldings had also been placed
on it. About two hours before plaintiff's injury, defendant's foreman directed one of his workmen to pile the pieces
of lumber on the rack, which, as heretofore stated, occasioned its fall. These pieces were 15 or 16 in number.
They were 15 to 18 feet long, and of more than ordinary
width. They were heavy and wet. They were designed
for a particular order, and were placed on the rack to enable
defendant's workmen to pile other stuff in the place they
occupied on the floor. The testimony, in our judgment,
proves that no lumber as large or as heavy as these pieces
had ever been placed on the rack before. Defendant contends that this circumstance makes it the duty of the court
to decide, as a matter of law, that in placing these pieces
on the rack the foreman used it for a purpose for which it
was not intended. We cannot sustain this contention.
The rack was apparently adapted to hold lumber of this
size and weight. If defendant did not furnish this rack
for the storage of lumber above a certain size and weight,
it should have advertised its purpose by some appropriate
instruction or notice. Failing to do this, it must be held
to have furnished it for such purposes as its employés
might presume to be proper,—to have intended that the
employés using it should exercise a proper discretion in
determining what material should be placed on it. In our
judgment, the jury were fully warranted in deciding that
the foreman, who, to get these pieces out of the way,
ordered them placed in the rack, exercised a proper dis-

cretion, and was using the rack for a purpose for which it was intended. The fact that the rack fell when only about half full, and that the light stuff that was on it constituted half the weight upon it, affords evidence that it was of insufficient strength to sustain a full load even of the light stuff which defendant claims it was intended to hold. The testimony, therefore, warranted the jury in finding that defendant was negligent, as charged in plaintiff's declaration.

Defendant also insists that a verdict should have been directed for the defendant on the ground that the plaintiff assumed the risk of the injury from the defectively constructed rack. We have recently had occasion to consider the doctrine of assumed risk in the case of *Bauer* v. *American Car & Foundry Co.*, 132 Mich. 537 (94 N. W. 9). That doctrine applies, as there stated, to dangers obviously incident to the discharge of an employé's duty. The injury from this defective rack was by no means an obvious incident of plaintiff's employment. He testified: "I supposed it was safe. I never examined it, and no one ever asked me. * * * I never had the slightest idea that the shelf was liable to fall." It was no part of his duty to examine the rack or to use it, nor can we say that it was obviously dangerous to one working near it.

The same reasoning which compels us to decide that plaintiff did not assume the risk forces us to say that he was not, as a matter of law, guilty of contributory negligence.

The judgment of the court below will therefore be affirmed.

The other Justices concurred.