BERNARD *v.* PITTSBURG COAL CO.

1. MASTER AND SERVANT — PERSONAL INJURIES—DEFECTIVE MACHINERY—FELLOW-SERVANT—CAUSE OF INJURY.

Where, in an action for injuries to a servant due to alleged defective machinery, plaintiff testified that the brake attached to a steam hoist gave way and that he heard the teeth rubbing against the foot brake, defendant is not entitled to a directed verdict because plaintiff testified, on cross-examination, that the engineer's taking his "foot off released the brake," where it appeared from the evidence that, if certain notches in the brake bar had performed their intended office, the brake would not have been released when the engineer took his foot off.

2. SAME—EVIDENCE—CONTRADICTORY STATEMENTS.

Plaintiff's testimony, on direct examination, that the brake

"gave way," was not destroyed by his cross-examination to the effect that the engineer evidently put his foot down and caused the brake to move, and that was what caused the machinery to move, where it appeared, from further cross-examination, that the plaintiff did not intend to testify that the engineer loosened the brake after he had set it.

3. SAME—CONTRIBUTORY NEGLIGENCE—DIRECTION OF SUPERIOR.
The court will not direct a verdict for defendant on the ground that the plaintiff, a fireman, was negligent in obeying the directions of his superior fellow-servant, an engineer, in oiling a derrick chain, although there was a safer method than the one chosen by the engineer.

4. SAME—CONTRIBUTORY NEGLIGENCE—REMOTE CONTINGENCY.
Plaintiff was not negligent, in not closing the doors of a derrick to guard against the contingency of a fall, which was so remote that no ordinary man could have foreseen it.

5. SAME — ASSUMPTION OF RISK — KNOWLEDGE — DEFECTIVE MACHINERY.
A servant does not assume the risk of a defect in machinery of which he has no knowledge and of which he is not bound to know as a matter of law.

6. SAME—EVIDENCE—DEFECTIVE MACHINERY — SUBSEQUENT CONDITION.
A brake bar is admissible in evidence for the purpose of showing the method of its operation, without evidence to show that it was in the same condition as when the plaintiff was injured by reason of an alleged defect in it.

7. SAME.
It is not competent to show how a brake bar worked a year after the accident, where it appears that it had a new catch plate and was therefore a different appliance.

8. SAME — DECLARATION AS EVIDENCE — ADMISSIONS — LETTER TO COUNSEL.
Where defendant introduced in evidence the original declaration, which had been amended, for the purpose of showing the plaintiff was not injured in the manner claimed at the trial, it was competent for the plaintiff to introduce a letter, written by him to his counsel at the time the suit was commenced, to show that he did not make the admission in the original declaration.

9. TRIAL—INSTRUCTIONS—ISSUES—ERROR.
A charge that the only issue in the case was one of defective machinery was not error, where it appeared from the entire

charge that the jury could not have understood from such statement that they should disregard any of the defendant's claims.

10. INFANTS—PARTIES—AMENDMENTS—ERROR.

A suit, commenced by a minor by his next friend, may be prosecuted by the minor on his arriving at his majority by amending the record, but a judgment in his favor will not be reversed for failure to amend, unless such failure was prejudicial to the defendant.

Error to Chippewa; Steere, J. Submitted June 15, 1904. (Docket No. 26.) Decided July 16, 1904.

Case by Frank Bernard, Jr., an infant, by his next friend, against the Pittsburg Coal Company for personal injuries. There was judgment for plaintiff, and defendant brings error. Affirmed.

*E. S. B. Sutton* (*Warner & Sullivan*, of counsel), for appellant.

*John W. Shine* (*M. F. McDonald*, of counsel), for appellee.

CARPENTER, J. Plaintiff was a fireman on a steam, movable derrick at De Tour, Mich., in defendant's employ. The derrick moved on a high trestle 20 feet above the dock, and elevated coal to a still higher trestle, from which it was loaded into vessels for fuel. On the 23d day of June, 1900, plaintiff sustained the injuries which occasioned this suit.

According to plaintiff's testimony, he was injured while assisting the engineer, his superior, in putting in its place on a revolving drum on the derrick the hoisting chain, which had been detached for the purpose of oiling in a barrel of oil which stood on the dock underneath. To raise the chain and bring it to its proper place it was attached to a rope which was coiled two or three times around the revolving drum. As the drum revolved, the chain was drawn toward it, the plantiff holding the loose

end of the rope to prevent its slipping.   Connected with this drum was a brake which prevented its revolution when properly applied.   The engineer applied this brake by placing his foot on a lever.   Upon one side of the bar of the brake were notches to fit into a catch plate and hold the brake in position, and thus prevent the revolution of the drum when the engineer, having applied the brake, removed his foot.   As the end of the chain to which the rope was attached reached him, the engineer shut off the steam, thus stopping the revolution of the drum.   He then applied the brake, removed his foot—presumably expecting that the notches on the brake bar would hold the brake in place—and attempted to attach the chain to the drum.   In consequence of a defect—the notches on the side of the brake bar being worn—the brake slipped from its place, the heavy weight of the chain caused the drum to revolve, and violently jerked the rope in plaintiff's hands and threw him to the dock underneath, thereby occasioning his serious injury.

The issue was submitted to a jury, and resulted in a verdict and judgment for the plaintiff.   We are asked to reverse that judgment upon several grounds.

It is contended that the court should have directed a verdict for the defendant on the ground that plaintiff's testimony shows that his injury resulted, not from defendant's negligence in providing an unsafe brake, but from the negligence of the engineer in handling that brake. On direct examination plaintiff testified that the brake "gave way;" that he "heard the teeth rubbing against the foot brake."   But it is claimed that this testimony is to be disregarded because on cross-examination he testified that the engineer's taking his "foot off released the brake."   Unless it must be inferred from this testimony that the brake did not give way, a court cannot say that the jury shall not credit plaintiff's testimony given on direct examination that it did.   It does not follow that, because the brake was released when the engineer removed his foot, the defective notches on the brake bar did not

occasion the brake to slip from its position. When the engineer's foot was on it, the brake was held in place by his weight, aided by the notches on the brake bar fitting into the catch plate. Because the notches in their defective condition did not hold the brake, it was technically true that when the engineer removed his foot the brake was released, though it is also true that it would not have been released had the notches performed their intended office. We cannot say, therefore, that the jury were bound to infer from this testimony, as defendant contends, that the engineer was not using these notches at all to keep the brake in place.

It is also urged that plaintiff's testimony given on direct examination is destroyed by the following portion of his cross-examination:

"*Q.* And he [the engineer] evidently put his foot down, and caused that brake to move, and that is what caused the machinery to move?
"*A.* Yes, sir."

That the plaintiff did not intend by this answer to deliberately testify that after the brake had been set the engineer went and loosened it, is shown by the following quotation from the cross-examination which immediately followed:

"*Q.* If he hadn't put his foot on it, you would not have had the accident?
"*A.* Yes, sir.
"*Q.* And as he disengaged this brake—you understand, loosened it?
"*A.* Yes, sir.
"*Q.* That set the drum rolling?
"*A.* When he set the brake?
"*Q.* I say when he unfastened the brake, that would set the drum rolling, turning?
"*A.* I don't quite understand you."

The subject of the cross-examination was then changed. A court would invade the province of a jury if it should say that because of testimony of this character, given on

cross-examination, no credit whatever can be given to what the witness had testified on direct examination.

It appears from the testimony that there was a safer method of oiling the chain than the one adopted on this occasion, and that, if the doors of the derrick had been shut, plaintiff would not have fallen to the dock. It is urged that plaintiff cannot recover, because he was guilty of contributory negligence in participating in this unsafe method, and in not closing the doors. We cannot assent to this contention. The engineer—plaintiff's fellow-servant and superior—and not plaintiff, chose this method. The case must be much clearer than this to justify our saying that, as a matter of law, an employé is guilty of contributory negligence in obeying the directions of such a superior. See *Chicago, etc., R. Co.* v. *Bayfield*, 37 Mich. 205, 210.

Nor can it be said that plaintiff, as a matter of law, was negligent in not closing the doors to guard against the contingency of his falling from the derrick. That contingency was so remote that no ordinary man could have foreseen it.

It is also urged that plaintiff had previous knowledge of the defect. By this we assume it to be claimed that plaintiff assumed the risk. According to plaintiff's testimony, he did not know of the defect in question, nor can it be said as a matter of law that he had occasion to know it. We cannot, therefore, say that he assumed the risk. See *Corbett* v. *American Screen Door Co.*, 133 Mich. 669 (95 N. W. 737).

It is contended that the court erred in admitting in evidence the brake bar in question without evidence that its condition at the time of the trial in 1902 was the same as it was in 1900, and also in not permitting defendant to show how the appliance operated the year after plaintiff was injured. We do not understand that this brake bar was offered in evidence for the purpose of showing the particular defect which it is claimed occasioned plaintiff's injury. Indeed, its offer was coupled with testimony showing that the catch plate was a different one. We as-

sume that the brake was produced in order that the jury might understand the method of its operation more clearly than they could from the words of any witness. We think it was admissible for this purpose. We think, too, that the court correctly refused to permit defendant to show the way this appliance operated the following year, because at that time it had a new catch plate and was therefore a different appliance.

Plaintiff's first declaration in this case charged that the injury to plaintiff occurred when the chain was being lowered. Before the suit came to trial, the declaration was amended to conform to plaintiff's claim, as heretofore stated. It was the position of defendant, testified to by its witnesses, that plaintiff was actually injured when the chain was being lowered. To support this claim defendant introduced in evidence, against plaintiff's objection, the original declaration. For the purpose of proving that he was not responsible for the alleged mistake in the declaration, plaintiff was permitted to introduce in evidence a letter in which the circumstance of the injury was set forth substantially as claimed in this suit, written by him to his counsel about the time suit was commenced. It is contended that the court erred in admitting this letter in evidence. When defendant used the original declaration as an admission made by plaintiff—and its right to do so is doubtful (see *Smith* v. *Davidson*, 41 Fed. 172; *Holland* v. *Rogers*, 33 Ark. 251; *Mecham* v. *McKay*, 37 Cal. 154; *Vogel* v. *D. M. Osborne & Co.*, 32 Minn. 167 [20 N. W. 129]; *Corbett* v. *Clough*, 8 S. Dak. 176 [65 N. W. 1074])—it seems to me clear that plaintiff had a right to prove that he did not make the admission. It follows that there was no error in the ruling under consideration. See *Stewart* v. *People*, 23 Mich. 73 (9 Am. Rep. 78); *Eherenkrook* v. *Webber*, 100 Mich. 321 (60 N. W. 761).

Complaint is made because the court said in his charge to the jury that the only issue in the case was one of defective machinery. The reading of the entire charge makes it clear that the jury could not have understood

from this statement, as contended by defendant, that they should disregard any of its claims.   On the contrary, the effect of this statement was to prevent a verdict for plaintiff, unless the jury found that his injury resulted from defective machinery.   The charge was a clear statement of the rules of law applicable in the case and carefully guarded defendant's rights.

When this suit was commenced, plaintiff was a minor, and it was brought in his name by his father as next friend.   When the trial occurred plaintiff had reached his majority, and it is insisted that the suit cannot be prosecuted under the original declaration.   It is well settled that plaintiff, on arriving at his majority, may, if he elects, prosecute a suit commenced when he was a minor by his next friend.   See *Tucker* v. *Wilson*, 68 Miss. 693 (9 South. 898); *Clements* v. *Ramsey*, 4 S. W. 311, 9 Ky. Law Rep. 172; *Reed* v. *Lane*, 96 Iowa, 454 (65 N. W. 380); *Lasseter* v. *Simpson*, 78 Ga. 61 (3 S. E. 243); *Sims* v. *Renwick*, 25 Ga. 58; *Holmes* v. *Adkins*, 2 Ind. 398; *Shuttlesworth* v. *Hughey*, 6 Rich. Law (S. C.), 329 (60 Am. Dec. 130).   It seems proper in such a case by a formal amendment of the record to show that the suit is prosecuted by plaintiff himself.   This may be done either by striking out the name of the next friend (see *Sims* v. *Renwick; Lasseter* v. *Simpson*, supra), or by a suggestion of record that plaintiff has attained his full age (see *Shuttlesworth* v. *Hughey; Clements* v. *Ramsey*, supra).   We should not, however, reverse a judgment for a failure to make such an amendment, which it seems may be made as a matter of course (see *Clements* v. *Ramsey*, supra), unless that failure was in some manner prejudicial to defendant. As the record stands, it indicates that the next friend, and not plaintiff himself, is responsible for any costs that might be awarded defendant.   See *Holmes* v. *Adkins*, supra. If, therefore, defendant had prevailed in this suit, it might possibly have contended that its right to collect its costs from plaintiff was prejudiced by the failure to make the amendment under consideration, though it is probable that

in that case its rights would have been protected by an amendment nunc pro tunc. But, as plaintiff recovered judgment and costs, we are unable to see how defendant was in any manner prejudiced.

We do not think that the record contains any error, or that any other complaint of the defendant demands discussion.

The judgment of the circuit court is affirmed, with costs.

The other Justices concurred.